PEOPLE v. ROCHESTER RY. & LIGHT CO.

(Supreme Court, Appellate Division, Fourth Department. January 13, 1909.)

CORPORATIONS (§ 528*) — CRIMINAL RESPONSIBILITY — "MANSLAUGHTER IN THE SECOND DEGREE"—"PERSON"—"HOMICIDE."

Under Pen. Code, § 179, defining "homicide" as the killing of one human being by the act, procurement, or omission of another, and section 193, subd. 3, making a homicide "manslaughter in the second degree" when due to the act, procurement, or culpable negligence of any person which does not constitute murder or manslaughter in the first degree, the word "person" in section 193, subd. 3, does not include a corporation, because by section 179 a homicide can only be committed by a human being, and an indictment will not lie against a corporation for manslaughter in the second degree for causing death by culpable negligence.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 528.*

For other definitions, see Words and Phrases, vol. 4, pp. 3339, 3340; vol. 8, p. 7680; vol. 5, p. 4342; vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

Appeal from Monroe County Court.

The Rochester Railway & Light Company was indicted for manslaughter in the second degree. From a judgment sustaining a demurrer to the indictment (59 Misc. Rep. 347, 112 N. Y. Supp. 362), the People appeal. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Howard H. Widener and Charles B. Bechtold, for the People.
Harris, Havens, Beach & Harris, for respondent. ·

WILLIAMS, J. The judgment should be affirmed. An indictment will not lie against a defendant corporation for manslaughter, second degree, for the causing of the death of a human being by culpable negligence, under section 193 of the Penal Code. By section 179, homicide is defined as the killing of one human being by the act, procurement, or omission of another; and then, by section 193, it is provided that such homicide is manslaughter in the second degree when committed (subdivision 3) by the act, procurement, or culpable negligence of any person, which does not constitute the crime of murder nor manslaughter in the first degree. We think the word "person" in the latter section should not be construed as including a corporation, because a homicide can only be committed by a human being

We are asked to construe the definition of "homicide" as meaning the killing of one human being by another person, and thus as including a corporation. We do not so construe it, but rather that the killing must be by another human being. Without discussing this question at length, or considering the decisions of this or other states, or countries, we merely call attention to the fact that there has never yet been a conviction had against a corporation in this state for a criminal homicide, and if such an indictment and conviction is now to be sustained, under any construction of the provisions of the Penal Code, it had better be done by the Court of Appeals, and not by any of the lower courts.

Judgment affirmed. All concur, except KRUSE, J., not sitting.